*In re* KREMLICK ESTATE

AMERICAN CANCER SOCIETY, MICHIGAN DIVISION, INC v
SUTTON

Docket No. 68124. Decided March 25, 1983. On application by the American Cancer Society for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the probate court and remanded the case to the Oakland County Probate Court for further proceedings. Rehearing denied *post,* 1143.

John W. Kremlick left the residue of his estate by will to the Michigan Cancer Society and the Salvation Army. Para Lee Sutton, executrix of the estate, informed the American Cancer Society, Michigan Division, Inc., of the probate proceedings shortly before an order allowing a final accounting and assignment of the residue of the estate and directing distribution to the Michigan Cancer Society was entered. The American Cancer Society and the American Cancer Society, Michigan Division, Inc., petitioned the Oakland County Probate Court for a rehearing, contending that the bequest was intended to benefit the American Cancer Society, Michigan Division, and not the Michigan Cancer Society. The probate court, Norman R. Barnard, J., denied the petition. The Court of Appeals, D. C. Riley, P.J., and N. J. Kaufman and Borradaile, JJ., affirmed in an unpublished opinion per curiam (Docket No. 53067). The petitioners seek leave to appeal.

In an opinion per curiam, signed by Chief Justice Williams and Justices Kavanagh, Levin, Ryan, Brickley, and Cavanagh, the Supreme Court *held:*

The petitioners offered evidence which could be used to establish an ambiguity in the will and to help resolve it, and the probate court should have given them the opportunity to do that.

1. In a review of a will, the intent of the testator is to be carried out as nearly as possible. Intent is to be gleaned from the will itself unless an ambiguity is present. A patent ambiguity exists if an uncertainty as to meaning appears on the face of the instrument and arises from defective, obscure, or insensible language used. A latent ambiguity arises where the lan-

guage used is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates the possibility of more than one meaning. Presence of an ambiguity requires a court to look outside the four corners of the will in order to carry out the testator's intent. The court may establish intent by considering surrounding circumstances and rules of construction.

2. In this case, the designation "Michigan Cancer Society" is not a patent ambiguity. However, the executrix asserted that the intended beneficiary was the American Cancer Society, Michigan Division, on the basis of frequent discussions with the testator. In addition, the respondents sought to establish that the testator had made substantial direct contributions to the American Cancer Society, that the American Cancer Society had helped his wife when she was dying of cancer, and that, at the time of her death, he had requested memorials to be contributed to the American Cancer Society.

Reversed and remanded.

*Carey & Carey* (by *Bruce D. Carey*) for the petitioners.

*Honigman, Miller, Schwartz & Cohn* (by *Phyllis G. Rozof*) for the Michigan Cancer Society.

*Morris, Rowland, Prekel, Paquette, Keidan & White* (by *Jimm F. White*) for The Salvation Army.

PER CURIAM. This case concerns the residuary clause of a will and requires us to determine whether an ambiguity exists as to the identity of one of the charities named as beneficiaries. The Court of Appeals held that the designation "Michigan Cancer Society" is not ambiguous. In light of the particular facts of this case, we disagree.

I

John W. Kremlick died November 12, 1976, leaving a three-page will dated some 18 months

earlier. Among other things, the document made various bequests and named Para Lee Sutton executrix of the estate of approximately $125,000.

The focus of this case is on the residuary clause of the will, in which the testator provided that after specified and necessary distributions, whatever remained of his estate was to be divided equally between the Michigan Cancer Society and the Salvation Army:

> "I give, devise and bequeath all the rest, residue and remainder of my estate to the Michigan Cancer Society and the Salvation Army, share and share alike."

The will was admitted to probate, with the executrix filing a final account in February, 1980. An order entered June 9, 1980, allowing the final accounting and assigning the residue.

The present controversy apparently surfaced when the executrix contacted the American Cancer Society, Michigan Division, about the proceedings. Subsequently, on June 16, 1980, that organization petitioned the probate court for a rehearing, contending that the order issued a week earlier should be set aside because the wrong cancer society had benefited. The provision of the residuary clause was ambiguous, appellants asserted, because two organizations commonly were referred to as the "Michigan Cancer Society" and there was substantial evidence that Mr. Kremlick had meant to benefit the American Cancer Society, Michigan Division.

The probate court denied appellants' petition in late July, 1980. The court held that there was no ambiguity in the designation "Michigan Cancer Society". The Court of Appeals affirmed in an unpublished per curiam opinion dated August 12,

1981, and denied a motion for rehearing. Appellants applied to this Court for leave to appeal.

## II

A fundamental precept which governs the judicial review of wills is that the intent of the testator is to be carried out as nearly as possible. As with other legal documents, the "intent" is to be gleaned from the will itself unless an ambiguity is present. The law is loath to supplement the language of such documents with extrinsic information. This is especially so in the case of testamentary documents because the maker is not available to provide additional facts or insight.

However, presence of an ambiguity requires a court to look outside the four corners of a will in order to carry out the testator's intent. Accordingly, if a will evinces a patent or latent ambiguity, a court may establish intent by considering two outside sources: (1) surrounding circumstances, and (2) rules of construction. *In re Butterfield Estate,* 405 Mich 702, 711; 275 NW2d 262 (1979).

A patent ambiguity exists if the uncertainty as to meaning "appears on the face of the instrument, and arises from the defective, obscure, or insensible language used". A latent ambiguity, on the other hand, arises "where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates" the possibility of more than one meaning. *Id.*

We agree with the Court of Appeals that the designation "Michigan Cancer Society" is not a patent ambiguity. Determining the presence of a

latent ambiguity, however, is more difficult. This Court has held that in interpreting contracts where an ambiguity *may exist,* extrinsic evidence is admissible: (1) to prove the existence of ambiguity; (2) to indicate the actual intent of the parties; and (3) to indicate the actual intent of the parties as an aid in construction. *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195, 209-210; 220 NW2d 664 (1974).

These rules are equally applicable to interpreting wills. Thus, not only may extrinsic evidence be used to clarify the meaning of a latent ambiguity, but it may be used to demonstrate that an ambiguity exists in the first place and to establish intent.

In this case, appellants produced an affidavit from the executrix of Mr. Kremlick's estate in which she asserted that the intended beneficiary was the American Cancer Society, Michigan Division, instead of the Michigan Cancer Society, an affiliate of the Michigan Cancer Foundation. The executrix stated that she had discussed the provisions of Mr. Kremlick's will with him on many occasions, and that he frequently had mentioned that the American Cancer Society was to be a beneficiary. Appellants also sought to establish that Mr. Kremlick previously had made substantial direct contributions to the American Cancer Society, that the society had helped his wife when she was dying of cancer, and that at the time of her death he requested memorials to the American Cancer Society.

This is the very kind of information that may be used both to establish an ambiguity and to help resolve it. Appellants should have been given the opportunity to do that.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the decision of the Court of Appeals and remand the matter to the Oakland County Probate Court for proceedings not inconsistent with this opinion.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, and CAVANAGH, JJ., concurred.